UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| PETER M. ARNOLD ORTIZ, | * | Case No. _____ |
| ELIZABETH GARCIA MARTINEZ, | * | |
| STEVEN EDWARD ARNOLD GARCIA, | * | |
| CHRISTIAN ARNOLD GARCIA, | * | |
| JUAN GARCIA PEREZ, FRANCISCA | * | |
| MARTINEZ VELAZQUEZ, AND | * | |
| LUISA INES ORTIZ GOMEZ | * | |
| *Plaintiffs* | * | |
| | * | FOR: TORT CLAIM |
| | * | FOR DAMAGES UNDER ARTICLE |
| v. | * | 1802 OF THE PUERTO RICO |
| | * | CIVIL CODE |
| HYUNDAI MOTOR COMPANY, | * | |
| HYUNDAI MOTOR AMERICA, | * | JURY TRIAL IS DEMANDED. |
| JOHN DOE AND RICHARD ROE, | * | |
| FOREIGN COMPANY X, Y, Z; | * | |
| INSURANCE COMPANIES "A, B, C" | * | |
| *Defendants* | * | |
| | * | |
| | * | |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiffs, PETER M. ARNOLD ORTIZ, ELIZABETH GARCIA MARTINEZ, STEVEN EDWARD ARNOLD GARCIA, CHRISTIAN ARNOLD GARCIA, JUAN GARCIA PEREZ, FRANCISCA MARTINEZ VELAZQUEZ, AND LUISA INES ORTIZ GOMEZ, herein represented by its undersigned attorneys and respectfully states, alleges and prays:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under 28 U.S.C., §1338(a)(b) § 1332 for diversity of citizenship because the amount in controversy exceeds the sum of $75,000.00 Dollars and under its pendent jurisdiction and 15 U.S.C. § 1121.

2. Venue is proper in this district under 28 U.S.C., § 1391 and 1400(a).

**PARTIES**

3. Plaintiff, Peter M. Arnold Ortiz, father of decedent Peter Arnold García, is of legal age, married, and resident of Caguas, Puerto Rico.

4. Plaintiff, Elizabeth García Martínez, mother of decedent Peter M. Arnold García, is of legal age, married, and resident of Caguas, Puerto Rico.

5. Plaintiff, Steven Edward Arnold García, brother of decedent Peter M. Arnold García, is of 24 years old, and resident of Caguas, Puerto Rico.

6. Plaintiff Christian Arnold García, brother of decedent Peter M. Arnold García, is of 23 years old, and resident of Caguas, Puerto Rico.

7. Plaintiffs Juan García Pérez and Francisca Martínez Velázquez, grandfather and grandmother, respectively of decedent Peter M. Arnold García, are of legal age, married to one another and residents of Gurabo, Puerto Rico.

8. Plaintiff Luisa Inés Ortiz Gómez, of legal age, single, resident of Gurabo, Puerto Rico, grandmother of decedent Peter M. Arnold García.

9. Upon information and belief, Defendant Hyundai Motor Company is a corporation and/or legal entity organized and existing under the Laws of the Republic of South Korea with its principal place of business located at 231 Yangjae-Dong, Seocho-Gu, Seoul, 137-938, Republic of Korea.

10. Upon information and belief, Defendant Hyundai Motor America is a corporation and/or legal entity organized and existing under the Laws of the state of California with its principal place of

business located at 10550 Talbert Ave., Fountain Valley California. Hyundai Motor America is a corporation and/or legal entity that distributes and sells motor vehicles in the United States and world wide including Puerto Rico.

11. Distributors John Doe and Richard Roe are the fictional names of any distribution company or person liable for the negligent acts of defendants, (e.g.; retailers, distributors, wholesalers) whose names and identities are unknown at this moment, but as soon as these names are obtained through discovery the complaint will be amended in accordance with Federal rules and Local District Rules.

12. Foreign Company X, Y, Z is the fictional name of any foreign company or companies or foreign person(s), liable for the negligent acts of defendants.

13. At and during all times herein mentioned, the codefendants had in full effect an insurance policy issued by its Insurance Company "A, B, C", that is still a corporation and/or legal entity organized under the Laws of any state the United States, doing business and with its principal offices in the United States.

## FACTUAL ALLEGATIONS

14. Defendant Hyundai Motor Company and/or Hyundai Motor America (hereinafter referred to collectively as "Hyundai") is a corporation and/or legal entity which manufactures, distributes and sells motor vehicles worldwide.

15. Mr. Peter M. Arnold García purchased a Hyundai motor vehicle, unit No. <u>GRT 279</u> from Hyundai de Humacao, located in Humacao, Puerto Rico, on April 4, 2006.

16. On June 12, 2006 while driving the above-described vehicle and wearing the seat belts, Mr. Peter M. Arnold García violently crashed head on with a wall severely denting the automobile.

17. Although said vehicle was manufactured and sold with a supplemental restraint (air bag) system, designed and installed to provide the driver with additional protection than that afforded solely by the seat belt system in the case of a head on collision, the airbags did not function as advertised and/or warranted by defendants.

18. As a result of the defective product Mr. Peter M. Arnold García suffered severe physical damages such as fractures, contusions and hemorrhage that resulted in his death.

19. The injuries and subsequent death suffered by Mr. Peter M. Arnold García at the young age of 21 resulted in mental anguish and suffering for his parents, brothers and grandparents.

20. The damages suffered by plaintiffs were a direct result of defendant's negligence in the design, manufacture, assembling and/or construction of the air bag systems and automobile plaintiff was driving at the moment of the accident.

21. The above described automobile and air bag systems, (and its component parts), were defective in their design, manufacture, assembling and/or construction which made the product unsafe for its intended use.

22. Defendants are strictly and absolutely liable to plaintiffs for the damages suffered due to the defective and unsafe product it sold in interstate commerce.

**CAUSE OF ACTION FOR**
**DAMAGES UNDER ARTICLE 1802**
**OF THE PUERTO RICO CIVIL CODE**

23. All the preceding paragraphs of this complaint are herein incorporated and realleged.

24. Article 1802 of the Puerto Rico Civil Code establishes that every person that by his/her acts or omissions causes damages to another person, intentionally or not by his/her negligence, is required to repair or respond for such damage.

25. Defendant's negligence, already described in the factual allegations caused direct damages to plaintiff.

### DAMAGES

26. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Peter Arnold Ortiz has suffered damages estimated at $3,000,000.00 dollars for mental anguish and suffering.

27. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Elizabeth García Martínez has suffered damages estimated at $3,000,000.00 dollars for mental anguish and suffering.

28. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Steven Edward Arnold García has suffered damages estimated at $1,000,000.00 dollars for mental anguish and suffering.

29. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Christian Arnold García has suffered damages estimated at $1,000,000.00 dollars for mental anguish and suffering.

30. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Juan García Pérez has suffered damages estimated at $1,000,000.00 dollars for mental anguish and suffering.

31. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Francisca Martínez Velázquez has suffered damages estimated at $1,000,000.00 dollars for mental anguish and suffering.

32. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiff Luisa Inés Ortiz Gómez has suffered damages estimated at $1,000,000.00 dollars for mental anguish and suffering.

33. As a result of defendant's negligence and pursuant to Article 1802 of the Puerto Rico Civil Code, plaintiffs have suffered damages estimated projected Loss of income of the deceased, estimated in the amount of not less than 2 million dollars ($2,000,000.00).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the defendants as follows:

1. That defendant's be held to have been negligent in the design, manufacture, assembling and/or construction of the air bag systems and automobile plaintiff was driving at the moment of the accident.

2. That defendant's be required to pay for plaintiffs' mental anguish and suffering.

3. That defendant's be declared liable for all the damages suffered

by plaintiffs that are a result of the automobile accident.

4. That defendant's be ordered to pay interest and expenses in all awards.

5. Defendant be ordered to pay costs and attorney's fees in this litigation.

6.   Plaintiffs be granted such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

**JURY DEMAND**

7.   Plaintiff demands trial by jury.

In San Juan, Puerto Rico on this _____ day of September, 2006.

ROBERTO SUEIRO DEL VALLE
USDC No. 207801
Tulipán 170
Urb. San Francisco
San Juan, PR 00927-6221
Tel. 753-4712/Fax: 274-0191

Case 3:06-cv-02005-SEC   Document 1   Filed 10/05/06   Page 8 of 8